## STATE v. DUCHESNE COUNTY et al.

No. 5977.   Decided December 28, 1938.   [85 P. 2d 860.]

Rehearing denied April 5, 1939.

*Joseph Chez,* Atty. Gen., and *S. D. Huffaker,* Deputy Atty. Gen., for appellant.

*L. A. Hollenbeck,* of Duchesne, for respondents.

PER CURIAM.

The State of Utah sued Duchesne County and its Board of Commissioners to quiet title to the N. W. ¼ of Section 11 in Tp. 3 S, R. 2 W in said County. The District Court sustained a demurrer to the complaint and, upon plaintiff's declining to amend, entered judgment dismissing the action, from which judgment the plaintiff appeals.

The complaint adequately alleges its title and possession of the land in question and defendant's adverse claim thereto under an auditor's tax deed. It also alleges that the defendants' claim under the tax deed is unlawful and without merit for the alleged reason that the tax deed to Duchesne County was in consideration of taxes theretofore levied against the property, but that on the date of the said tax deed, April 10, 1937, the title to the property was in the State of Utah. That the State acquired its title on April 20, 1936, by warranty deed from one Robert Krebs in consideration of its cancellation of a note and mortgage of said Krebs to the State of Utah dated prior to the year 1936 securing the payment of a sum of money borrowed by Krebs from State school funds.

Inasmuch as the auditor's tax deed can only issue after four years from the date of sale for delinquent taxes, it follows that the taxes in question were levied and became a lien upon the mortgaged premises during or before the year 1932; and the tax sale occurred in the following fall or win-

ter, hence long prior to the time the State took title from Krebs in April 1936. Hence, the question is presented whether the County's rights under its tax deed of April 10, 1937, are superior to the State's rights under its deed from Krebs in April 1936. This in turn requires a decision of the State's claim that, upon its acquisition of the title by deed from Krebs in satisfaction of a state school fund mortgage, the property became exempt from sale for taxes previously levied during the years following execution of the Krebs mortgage to the State and prior to his deed to the State in satisfaction of the mortgage.

The facts of this record, as above stated, are substantially parallel with those in the case of *State of Utah* v. *Salt Lake County,* 96 Utah 464, 85 P. 2d 851, just decided by this court. The questions of law are the same in both cases, and the decision in this case is ruled by the decision in that one.

It follows that the judgment of the district court sustaining the demurrer to the complaint was right, and must be affirmed.