## STOWELL v. STATE et al.

No. 6336. Decided August 12, 1941. (115 P. 2d 914.)

*L. E. Nelson*, of Logan, for appellant.

*Grover A. Giles*, Atty. Gen., and *H. D. Huffaker*, Asst. Atty. Gen., for respondents.

MOFFAT, Chief Justice.

By this action, the plaintiff, Jeff Stowell, seeks to quiet title in himself to 1,440 acres of land located in Cache County, Utah. The claim of title and right of possession is based upon a tax deed from Cache County. The facts are stipulated and the findings of the court restate the stipulated facts in the same words.

In 1920, Joseph Hodges entered into contracts with the State Land Board to buy the land upon paying one-tenth of the purchase price in cash and the balance in ten equal annual payments, with the usual terms as to interest, conveyance to be made when paid in full, and forfeiture in event of default.

Hodges kept up his payments until 1930, when he defaulted. Cache County levied taxes upon the Hodges interest or equity in 1931, which became a lien against Hodges' interest in the 1,440 acres under the contract of purchase as of January 1, 1931. On October 15, 1931, the State Land Board cancelled the Hodges contracts for default. Hodges failed to pay the taxes assessed against his interest in the property.

On January 21, 1932, the title to the 1,440 acres of land was purportedly sold to Cache County. Certificates of sale were made by the County Treasurer and ultimately tax deeds were made to the County and on the 29th day of May, 1940, after due notice as required by law, the property was sold and the deeds made to the plaintiff and L. E. Crookston and wife, who later conveyed their interest to the plaintiff prior to the bringing of this action. This suit was brought to quiet title to the land. The trial court rendered judgment quieting title in the state. The cause is before us on an appeal from the judgment.

Section 5862, Chapter 132, Laws of Utah, 1921 (See Sec. 80-2-2, Rev. Stat. Utah 1933), provides:

"No tax shall be levied upon lands, the title to which remains in the state, held or occupied by any person under a contract of sale or lease from the state of Utah; but this provision shall not be construed to prevent the taxation of improvements on such lands and the interest in the land to the extent of money paid, or due, whether an extension of payment has been granted or not, prior to the levying of such tax in part payment of the purchase price thereof. And provided further that where final payment has been made upon such lands the contract of sale shall, for the purpose of taxation, be regarded as passing title to the purchaser or assignee, and the state land commissioner shall immediately certify the receipt of such final payment to the state board of equalization."

In the cases of *State* v. *Salt Lake County,* 96 Utah 464, 85 P. 2d 851; and *State* v. *Duchesne County,* 96 Utah 482, 85 P. 2d 860, this court held that a tax might be levied against property upon which the state held a mortgage, title remaining in the mortgagor, and that when the state subsequently foreclosed the mortgage after the property had been sold to the County for taxes the state took subject to the existing liens for taxes.

In the instant case, the title is not in the purchaser but in the state and no taxes can be levied upon the lands, the title to which remains in the state, held or occupied by any person under a contract of sale from the state of Utah. The assessment levied cannot be against the property to which the state has retained title but only against the improvements on such lands and the interest in the land to the extent of the money paid, or due, whether an extension of payment has been granted or not.

Section 5862, supra, makes it clear that the state has not granted the counties the power to levy taxes against the property of the state but only against the interest of the purchaser. The state has refused to allow property to which it holds fee title to become encumbered with liens for taxes and the liens cannot fix against the interest of the state.

The assessments were levied against the interests of Hodges. When the State Land Board cancelled the Hodges contracts on October 15, 1931, because of the defaults, the Hodges' interest in the property disappeared and became non-existent. The property interest in Hodges, against which the assessment had been levied and the only property against which the lien might attach, ceased to exist and there was nothing that could be sold or purchased by the county. The title of the plaintiff must of necessity fail.

Judgment is affirmed. Costs to respondent.

WOLFE, LARSON, McDONOUGH and PRATT, JJ., concur.